496 So.2d 820 (1986)
THE FLORIDA BAR, Complainant,
v.
Laura R. MORRISON, Respondent.
No. 68936.
Supreme Court of Florida.
October 30, 1986.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Richard B. Liss, Bar Counsel and Jacquelyn Plasner Needelman, Branch Staff Counsel, Ft. Lauderdale, for complainant.
William C. Purcell, Ft. Lauderdale, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar, respondent's tendered unconditional guilty plea *821 and the uncontested report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
Respondent was retained in July 1984 by the parents of Alan Ronald Kaye to prosecute an appeal on his behalf following Kaye's criminal conviction in the United States District Court for the Eastern District of Oklahoma. Over the next several months, respondent communicated with the United States Court of Appeals for the Tenth Circuit; several of respondent's motions for extensions of time in which to file an appellate brief were granted. The last such motion was received by the circuit court on March 20, 1985 and an extension was granted to March 28. When no appellate brief was received by that date, the clerk of the circuit court wrote respondent advising her that she had missed the deadline and that a brief must be filed by May 10. According to the referee's report, respondent "was not made aware" of this letter and failed to respond; this resulted in a federal public defender being appointed to represent Kaye. Once respondent learned of the contents of this letter, she filed a brief on June 24, 1985. The referee found that respondent was absent from her office for substantial periods of time during this period. Respondent testified before a grievance committee that she had mailed a brief on March 18, 1985, and offered as proof a postal receipt. On January 24, 1986 respondent, by letter, recanted this previous testimony and stated that the correct mailing date was March 25, 1985. Respondent also testified that upon learning the court had never received the brief she had her staff prepare a copy of the brief which was received by the court on June 24, 1985. An expert document examiner rendered an opinion that this brief was an original document and the source document for the brief in respondent's file being dated March 25, 1985. The respondent could not account for the discrepancy between her testimony, the contents of the court file and the document examiner's findings.
The referee noted that although there was no clear and convincing evidence that respondent was the party directly responsible, she was responsible for the actions of her staff. Accordingly, the referee recommended that respondent be found guilty of violating the following Disciplinary Rules: 3-104(D) (a lawyer shall be responsible for all work delegated to nonlawyer personnel); 1-102(A)(4) (conduct involving misrepresentation); and, 6-101(A)(3) (neglect of a legal matter). The referee recommended that respondent be suspended from the practice of law for ten days with automatic reinstatement at the end of this period. The referee further recommended that respondent be placed on probation for a period of one year. As a condition of this probation the referee recommended that respondent be supervised by an attorney acceptable to The Florida Bar, that she meet at least once a month with the supervising attorney and be required at that time to submit a written report on the status and action to be taken on all open files in respondent's office. The referee also recommended that respondent bear the cost of the disciplinary proceedings.
We approve the report of the referee and adopt his recommendations. Accordingly, respondent is hereby suspended from the practice of law for ten days. This suspension shall be effective immediately and respondent shall accept no new business during the period of suspension. Judgment for costs in the amount of $2,446.16 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and ADKINS, EHRLICH, SHAW and BARKETT, JJ., concur.