583 So.2d 314 (1991)
THE FLORIDA BAR, Complainant,
v.
Richard F. RENDINA, Respondent.
No. 73545.
Supreme Court of Florida.
June 6, 1991.
Rehearing Denied August 20, 1991.
*315 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jacquelyn P. Needelman, Bar Counsel, Miami, for complainant.
Fred Haddad and Lance Thibideau, Fort Lauderdale, for respondent.
PER CURIAM.
This matter is before us upon the referee's report recommending that respondent Richard F. Rendina receive a two-year suspension for violations of the Rules Regulating the Florida Bar. Both parties petition for review.[1]
The Florida Bar charged respondent with attempting to bribe an assistant state attorney to obtain a lesser criminal sentence for his client.[2] The referee found respondent guilty of violating rules 11.02(3)(a) (commission of an act contrary to honesty, justice, or good moral); and 11.02(3)(b) (commission of a crime) of the Florida Bar Integration Rule, article XI; and disciplinary rules 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude); 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice); and 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law) of the Florida Bar Code of Professional Responsibility. The referee recommended that respondent be suspended from the practice of law for two years.
First, respondent argues that the referee's findings of fact do not support the allegations of the complaint. Respondent notes that although the Bar alleged that he attempted to bribe the state attorney, the referee found only that respondent maintained improper conversations regarding bribery. We reject this contention. Respondent pled guilty to the criminal charge of conspiracy to commit unlawful compensation. The evidence for that case included taped conversations between respondent and his client during the period of time in question. Those conversations were presented to the referee and are part of this record. We are satisfied that respondent's own words adequately support the conclusion that the rules in question were violated.
We likewise reject respondent's arguments pertaining to various alleged errors in the admission of evidence. Because bar disciplinary proceedings are quasi-judicial rather than civil or criminal, the referee is not bound by technical rules of evidence. The Fla. Bar v. Vannier, 498 So.2d 896 (Fla. 1986); State ex rel. The Fla. Bar v. Dawson, 111 So.2d 427 (Fla. 1959). The referee did not abuse his discretion regarding the admissibility of evidence. Nor do we find merit in respondent's claim that he was entrapped into committing the charged offenses. Accordingly, we accept and approve the referee's findings of fact pertaining to the violation of the bar rules.
Both parties contest the referee's recommendation of discipline. The Florida Bar argues that respondent's conduct warrants disbarment, whereas respondent suggests that two years' suspension is too harsh. We concur with The Florida Bar that disbarment *316 is the only appropriate discipline in this case. Bribing a public official for a reduction of sentence attacks the very core of our system of justice. It is irrelevant that the bribe was not effectuated. Nor do we find that respondent's "explanation" mitigates the offense. Respondent concedes that he agreed and planned with his client to bribe the state attorney, but explains that he did so only to "keep [his client] under control" so his client would not flee the jurisdiction, thereby forfeiting his bond and putting respondent's fee in jeopardy. Finally, we do not find the mitigating circumstances presented here adequate to override disbarment as a result of defendant's conduct in this case.
Accordingly, we hereby disbar respondent. Upon the filing of this opinion, respondent shall accept no new business. To allow respondent to close out his practice in an orderly fashion, disbarment is effective thirty days from the date this opinion is filed. After that date, respondent is enjoined and prohibited from the practice of law in this state. Judgment is entered against respondent for costs in the amount of $5,267.45, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 3-7.6.
[2] The referee directed a verdict in favor of the respondent on a second count in the complaint, which is not under review in this case.