681 So.2d 663 (1996)
THE FLORIDA BAR, Complainant,
v.
H. Richard BENCHIMOL, Respondent.
No. 81599.
Supreme Court of Florida.
May 23, 1996.
Rehearing Denied October 10, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, Florida; and Bonnie L. Mahon and Joseph A. Corsmeier, Assistant Staff Counsel, Tampa, Florida, for Complainant.
John A. Weiss, Tallahassee, Florida, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by H. Richard Benchimol. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The Bar filed a three-count complaint against Benchimol, alleging misappropriation of funds belonging to Benchimol's former law firm and his clients. Circuit Judge Bonnie Newton was appointed referee in April 1993. When the Bar's motion to disqualify the referee was denied, the Bar filed a petition for review by this Court and a motion to seal the files in the case. We denied the petition for review, but granted the motion to seal the files. Later in the proceedings, Benchimol also filed a motion to disqualify the referee, which the referee denied as well. Benchimol *664 then filed a petition for writ of prohibition with this Court, which we denied without prejudice to raise the disqualification issue in an appeal from the referee's recommendation. In light of our disposition of this case, we order that the record be unsealed.
The referee conducted hearings in September and November 1994, and issued a partial report on January 25, 1995, detailing factual findings and making recommendations as to guilt on the three counts charged in the complaint. The referee's report revealed the following facts and determinations of guilt.
Count I involves Benchimol's representation of the Guglieminos, who resided in Italy, in their attempt to recover property they owned in Florida. During a period of time when Benchimol was ending his association with the Battaglia law firm, he deposited three separate checks from the Guglieminos in his personal bank account. The referee found that a check for $1000 belonged to the Battaglia firm for legal services rendered, that a check for $5000 was client money entrusted to Benchimol to negotiate the Gugleiminos' outstanding bill at the Battaglia firm, and that a check for $1300 was client trust money for future work to be performed by Benchimol. The referee concluded that Benchimol appropriated these funds to his own use, commingled client and firm money with his own funds, failed to place money entrusted to him for a particular purpose in a separate trust account, did not act with reasonable diligence and promptness in representing his clients on the fee dispute with the law firm, and engaged in a pattern of conduct involving "misrepresentation and dishonesty." The referee further concluded that in handling the $5000 check Benchimol "used the paperwork confusion common in an attorney's relocation to private practice as a cover to personally access client funds, believing that the language barrier and distance of the clients would prevent a discovery of his misappropriation of this [money]." As to count I, the referee recommended that Benchimol be found guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.2(a) (lawyer shall abide by client's decision); rule 4-1.15 (procedures relating to client and third party funds held in trust); rule 4-8.4(c) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); rule 5-1.1 (trust account procedures); and rule 5-1.2(b)(1) (lawyer must maintain separate trust account).
Count II involves Benchimol's representation of Glenn Roland in a personal injury action. The settlement statement indicates that Roland deposited $2500 with the United States Marshal to cover any costs associated with the seizure of the boat involved in his injury. When Benchimol received a refund check for $1,067.66 in unused costs, he deposited the funds in his personal account and never forwarded the money to Roland. Benchimol alleged that he had advanced Roland $1500 in cash at the settlement conference, with the agreement that the anticipated refund would belong to Benchimol. However, the referee found no documentation of such a transaction. The referee also found that because Roland was imprisoned in another state Benchimol concluded that "the client would not pursue his refund and that [Benchimol] could use the monies without being questioned." As to count II, the referee recommended that Benchimol be found guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.15; rule 4-8.4(c); rule 5-1.1; and rule 5-1.2(b)(1).
Count III involves two $150 fee payments from other clients that Benchimol deposited in his personal account, but which actually belonged to the Battaglia firm. The referee concluded that these misappropriations were neither accidental nor the result of gross inattention to detail, but rather that Benchimol's actions showed that he "was so irresponsible with money belonging to someone else that he concluded that these two little payments would never be missed." As count III, the referee recommended that Benchimol be found guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.15; rule 4-8.4(c); and rule 5-1.1.
After two further hearings regarding discipline and the reasonableness of costs incurred by the Bar, the referee issued her final report and recommended the following discipline: an eighteen-month suspension, with proof of rehabilitation before becoming eligible to practice again; upon readmission, *665 a one-year probation requiring the filing of monthly financial records and semi-annual auditing of business accounts with the Bar, at Benchimol's expense; and payment of $20,019.19 in costs. The referee disallowed part of the costs incurred for the services of the Bar's investigator, finding that some of the hours charged were improper and others were not properly documented.
The Bar has filed a petition for review of the recommended discipline, arguing that disbarment is the appropriate discipline and that Benchimol's readmission should be conditioned upon making restitution to Roland and the Guglieminos. Benchimol has filed a cross-petition for review, arguing that the referee erred in denying his motion to disqualify, that the referee's findings of misconduct were not based on clear and convincing evidence, that the appropriate discipline is a suspension not requiring proof of rehabilitation, and that this Court should review the costs charged against him.
Initially, we find mo merit to the disqualification issue. Benchimol's fear of prejudice was not well-founded and thus his motion to disqualify the referee was legally insufficient.[1]
Next we consider Benchimol's claim that the referee's findings of fact and conclusions of law are erroneous. A referee's findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla.1986). If the referee's findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla.1992). The party contending that the referee's findings of fact and conclusions as to guilt are erroneous carries the burden of demonstrating that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions. Florida Bar v. Miele, 605 So.2d 866, 868 (Fla.1992).
We find that the referee's findings of fact and recommendations of guilt are supported by the record and that Benchimol has not carried his burden in demonstrating otherwise. The record includes an abundance of documentary evidence (cancelled checks, bank records, law firm account activity sheets, Benchimol's letters to clients, etc.) concerning Benchimol's misconduct. Various witnesses also testified about Benchimol's actions: Bar auditor Pedro Pizarro testified that Benchimol deposited both law firm funds and client funds into his personal account and that he used funds held in trust for other purposes. Rose Castellano, the Guglieminos' sister who handled their finances, testified that Benchimol always requested that the fee checks be made out to him. Both the Guglieminos and Castellano testified that they never received a bill from the Battaglia firm. Roland testified that Benchimol never gave him a loan or the refund check sent by the U.S. Marshal's office. Benchimol had no documentary evidence to back up his claim of a cash loan to Roland.
Benchimol essentially argues that there is not competent, substantial evidence of his guilt because there is contradictory evidence in the record as to some of the referee's factual findings. However, a party does not meet the burden of showing that a referee's findings are erroneous by simply pointing to contradictory evidence where there is also competent, substantial evidence in the record that supports the referee's findings. See Florida Bar v. de La Puente, 658 So.2d 65, 68 (Fla.1995). Based upon the record evidence in this case, we approve the referee's findings of fact and find that Benchimol violated the Rules Regulating The Florida Bar specified by the referee.
The final issue we must address is the appropriate discipline. The referee has recommended an eighteen-month suspension followed by a one-year probation; the Bar argues that Benchimol should be disbarred; and Benchimol argues that a ninety-day suspension is the appropriate discipline. While a referee's recommendation for discipline is *666 persuasive, this Court has the ultimate responsibility to determine the appropriate sanction. Florida Bar v. Reed, 644 So.2d 1355, 1357 (Fla.1994). A bar disciplinary action must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must be severe enough to deter other attorneys from similar misconduct. Florida Bar v. Lawless, 640 So.2d 1098, 1100 (Fla.1994).
This case involves misappropriation of client trust funds, misappropriation of law firm funds, commingling of client and firm funds with personal funds, and a pattern of dishonesty and misrepresentation. The only mitigating factor that the referee found was no prior disciplinary history. While the referee did not specifically note aggravating factors in the final report, the partial report included the following findings: a pattern of conduct involving misrepresentation and dishonesty; intentional behavior in keeping the funds at issue; relying upon the language barrier and distance of the Guglieminos to prevent discovery; relying upon Roland being imprisoned in another state to prevent discovery; and multiple offenses. These constitute aggravating factors that the referee should have factored into Benchimol's discipline. See Fla.Stds.Imposing Law.Sancs. 9.22(b) (dishonest or selfish motive), (c) (a pattern of misconduct), (d) (multiple offenses), (h) (vulnerability of victim).
While the misappropriation of law firm funds may fall into a lower level of the "hierarchy of culpability," see Florida Bar v. Ward, 599 So.2d 650, 652-53 (Fla.1992), the misappropriation of client funds is at the top of the "hierarchy of offenses" for which lawyers may be disciplined. See Florida Bar v. Shuminer, 567 So.2d 430, 432-33 (Fla.1990). Disbarment is the presumptive sanction for attorneys who misappropriate client funds. Fla.Stds.Imposing Law.Sancs. 4.11; Florida Bar v. Shanzer, 572 So.2d 1382 (Fla.1991). However, we have imposed the less severe sanction of suspension in light of significant mitigating factors, such as remorse, drug addiction, full and fair disclosure to the disciplinary board, a cooperative attitude toward the proceedings, or emotional problems. See, e.g., Florida Bar v. McNamara, 634 So.2d 166 (Fla.1994); Florida Bar v. Stark, 616 So.2d 41 (Fla.1993).
In the instant case, the only mitigation supported by the record is Benchimol's lack of prior disciplinary history and the fact that he made restitution to the Battaglia firm after an attorney made an inquiry for the Guglieminos. Without other significant mitigation, we find no basis to deviate from the presumptive sanction of disbarment. We also note that the referee found that the Guglieminos' $1300 check was client trust monies for future work and that Benchimol misappropriated the $1067 check from Roland. Thus, Benchimol's readmission is conditioned upon full restitution to his clients.
Accordingly, Benchimol is hereby disbarred from the practice of law. Upon the filing of this opinion, Benchimol shall accept no new business. The disbarment will be effective thirty days from the date of this opinion so that Benchimol can close out his practice and protect the interests of existing clients. After that date, Benchimol is enjoined and prohibited from the practice of law in this state. Judgment is entered against Benchimol in favor of The Florida Bar for costs in the amount of $20,019.19, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The sole basis for Benchimol's motion to disqualify was that the referee had filed a grievance with The Florida Bar involving parties unrelated to this proceeding.