693 So.2d 550 (1997)
The FLORIDA BAR, Complainant,
v.
Brian Jay GLICK, Respondent.
No. 87463.
Supreme Court of Florida.
May 8, 1997.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David M. Barnovitz and Kevin P. Tynan, Bar Counsel, Fort Lauderdale, for Complainant.
John A. Weiss of Weiss & Etkin, Tallahassee, and Gregg W. McClosky of Mattlin & McClosky, Boca Raton, for Respondent.
PER CURIAM.
We have for review the referee's report regarding alleged ethical breaches by Brian *551 Jay Glick. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar (the Bar) filed a five-count complaint against Brian Jay Glick (Glick), charging him with violating various Rules Regulating The Florida Bar. Count I charged Glick with violating rules 4-1.1 (a lawyer shall provide competent representation to a client with such competent representation requiring legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation) and 4-1.3 (a lawyer shall act with reasonable promptness and diligence in representing a client). Count II charged Glick with violating rules 4-1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) and 4-1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation). Count III charged Glick with violating rules 4-1.2 (a lawyer shall abide by a client's decision whether to make or accept an offer of settlement), 4-1.4(a) and 4-1.4(b). Count IV was withdrawn by the Bar. Count V alleged that Glick violated rules 3-4.3 (a lawyer shall not engage in conduct contrary to honesty), 4-1.8(b) (a lawyer shall not, in connection with a disciplinary matter, fail to disclose a fact necessary to correct a misapprehension known by the lawyer to have arisen in the matter), and 4-8.4(c) (a lawyer shall not engage in conduct constituting dishonesty, fraud, deceit, or misrepresentation).
In a pretrial stipulation, Glick admitted to the violations alleged in Counts I and II, and the Bar withdrew Count IV. After a hearing, the referee found Glick guilty on counts III and V, recommended a suspension of ten days, and taxed costs to Glick. Glick now challenges the referee's findings of fact and recommendations of guilt as to Counts III and V, as well as the referee's recommended discipline.
The recommendations as to guilt are based on the referee's following findings of fact. On February 27, 1989, Ruth Schiller and her husband, David Schiller, retained Glick to represent them in an action to recover damages for personal injuries they sustained in a vehicular accident which occurred on or about February 11, 1989. Glick filed a complaint on behalf of the Schillers, but he did not pursue the claim with reasonable diligence or provide the thoroughness and preparation reasonably necessary for the representation. As a result of Glick's lack of reasonable diligence and his lack of thoroughness and preparation, the Schillers' complaint was dismissed on February 25, 1993. This dismissal occurred after the statute of limitations had run, and thus the suit could not be refiled. Prior to dismissal, Glick had received from the defendants' attorney an offer or indication of settlement range for an amount between $1500 and $2000 each for Mr. and Mrs. Schiller. Glick failed to convey this settlement offer or indication of settlement range to the Schillers.
Glick did not inform the Schillers of the dismissal or respond to Mrs. Schiller's case status inquiries until after August 21, 1995, when Mrs. Schiller filed a complaint with the Bar. Glick subsequently settled with the Schillers, and a release was executed in Glick's favor. Glick requested that the settlement agreement include a non-disclosure clause; Mrs. Schiller, acting on behalf of her husband and herself, agreed.
Subsequently, Glick sent a letter to the Bar dated November 6, 1995, in response to the Bar's inquiry concerning Mrs. Schiller's complaint. In that letter, Glick represented that Mrs. Schiller "has asked that the settlement remain confidential," although he knew at the time that it was he, and not Mrs. Schiller, who had made that request.
After reviewing the record, we adopt the referee's findings of fact and approve the recommendations of guilt as to Counts III and V. A referee's findings of fact concerning guilt carry a presumption of correctness and should be upheld unless clearly erroneous or without support in the record. Florida Bar v. Benchimol, 681 So.2d 663, 665 (Fla.1996); Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla.1986). If the referee's findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. Benchimol, 681 So.2d at 665; Florida Bar v. *552 MacMillan, 600 So.2d 457, 459 (Fla.1992). The party contending that the referee's findings of fact and recommendations as to guilt are erroneous carries the burden of demonstrating that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the recommendations. Florida Bar v. Spann, 682 So.2d 1070, 1073 (Fla.1996); Florida Bar v. Miele, 605 So.2d 866, 868 (Fla.1992).
The referee's findings of fact and recommendation of guilt as to Count III are supported by competent, substantial evidence. Glick's own admission in his November 6, 1995 response letter to the Bar established that a settlement offer or indication of settlement range was made. The amounts discussed were not vague or unrealistic; Glick stated that the "Defendants in this case had offered Mr. and Mrs. Schiller in the range of $1,500 to $2,000 each to resolve this matter prior to Dismissal." The referee properly could have rejected Glick's assertions that no offer of the type requiring communication with the client was ever made. Glick's arguments fail because a party does not meet the burden of showing that a referee's findings are erroneous simply by pointing to contradictory evidence where there also is competent, substantial evidence in the record that supports the referee's findings. Benchimol, 681 So.2d at 665; Florida Bar v. de la Puente, 658 So.2d 65, 68 (Fla.1995).
The referee's findings of fact and recommendations of guilt as to Count V also are supported by competent, substantial evidence. Glick concedes that it was he, and not Mrs. Schiller, who requested that the release include the non-disclosure clause. More importantly, unrebutted documentary evidence presented at the disciplinary hearing shows that the Bar did not assign an investigator to this case until after Glick drafted his November 6, 1995, response letter. The referee thus could justifiably reject Glick's main contention that any alleged misrepresentation was unintentional because he was told by his counsel, before drafting the letter, that Mrs. Schiller had been contacted by a Bar representative and that she refused to divulge the terms of the settlement.
Finally, after considering the applicable mitigating[1] and aggravating[2] factors, we find that Glick's violations warrant the recommended ten-day suspension. See Florida Bar v. Golden, 502 So.2d 891, 892 (Fla.1987) (finding ten-day suspension appropriate where attorney failed to file probate action, failed to communicate with client, and misrepresented status of case to client); Florida Bar v. Stein, 471 So.2d 36, 37 (Fla.1985) (suspending attorney for ten days for neglect of legal matters despite mitigation of disruption of law practice due to burglaries and supportive character evidence). We find this sanction appropriate especially in light of Glick's misrepresentation to the Bar. See Florida Bar v. Morrison, 496 So.2d 820, 821 (Fla.1986) (imposing ten-day suspension where attorney failed to timely file appellate brief and later misrepresented matters during disciplinary process); Florida Bar v. Lund, 410 So.2d 922, 923 (Fla.1982) (imposing ten-day suspension when attorney admitted small portion of testimony before grievance committee was untrue despite contentions that it was unintentional); cf. Florida Bar v. Grosso, 647 So.2d 840, 841 (Fla.1994) (suspending attorney for ten days for failure to respond to Bar inquiry despite absence of prior disciplinary history). In approving the referee's recommended discipline, we note that an appropriate disciplinary sanction must be fair to society, fair to the respondent and severe enough to deter others, see Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla.1970); suspending Glick for ten days will accomplish all of these objectives.
Accordingly, Brian Jay Glick is hereby suspended from the practice of law for ten days. The suspension will be effective thirty days from the filing of this opinion so that Glick can close out his practice and protect the interests of existing clients. If Glick notifies *553 this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Glick shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment is entered against Glick for costs in the amount of $1,349.07, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The mitigating factors include the absence of a prior disciplinary record, good character and reputation, interim rehabilitation and remorse. See Fla. Stds. Imposing Law. Sancs. 9.32.
[2] The aggravating factors include multiple offenses, submission of false statement during the disciplinary process, and substantial experience in the practice of law. See Fla. Stds. Imposing Law. Sancs. 9.22.