PER CURIAM.
We have for review a referee’s report regarding ethical breaches by Jorge Luis Cueto. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons expressed below, we disbar Jorge Luis Cueto from the practice of law in the State of Florida, effective, nunc pro tunc, May 5, 2000, the effective date of his automatic suspension based on his felony conviction.
The Bar filed a complaint against Jorge Luis Cueto pursuant to Rules Regulating the Florida Bar 3-7.2(i)(l) and (2). These rules authorize the Bar to file a complaint to initiate disciplinary proceedings based upon a determination or judgment of guilt when the offense is a felony under applicable law. The Bar sought disbarment based on Cueto’s adjudication of guilt as to the crime of “unlawful compensation.” See § 838.0Í6, Fla. Stat. (2000).
FACTS
The facts as found by the referee or contained in the record are as follows:
Cueto was one of fifteen defendants in a criminal case charged in a multiple-count indictment in Miami-Dade County. The evidence in that case established that approximately one year after being admitted to the Bar, Cueto was approached by a supervising adjuster for the county, who handled injury claims. The adjuster informed Cueto that his claims would be denied and his cases placed into litigation unless Cueto agreed to pay county adjusters, in cash, ten percent of the gross settlement of any case. Cueto did not report this “kickback” system to anyone. Over a period of six years, until his arrest in 1999, Cueto settled approximately thirty-five cases through these county adjusters using this illegal kickback system. Following an investigation by the State Attorney’s Office, Cueto pled guilty to one count of “unlawful compensation,” a third-degree felony.[1] He was sentenced to five years’ *154 probation with no incarceration and ordered to pay $15,000 in restitution. The State, pursuant to the plea agreement, filed a nolle pros on the seven remaining charges. Because this matter was filed under rule 3-7.2, the referee found that the only misconduct before her was the one count to which Cueto pled guilty, unlawful compensation.
The referee recommended' that Cueto be found guilty of violating rules 3^4.3 (prohibiting the commission of any act that is unlawful or contrary to honesty and justice) and 4-8.4(b) (prohibiting the commission of a criminal act "that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness). However, the referee recommended that Cueto be found not guilty of violating rule 4-8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation).
The referee recommended a three-year suspension “with reinstatement conditioned upon proof of rehabilitation as well as proof of restoration of his civil rights.” The referee also recommended that the Bar be awarded $870 in costs.
The Bar filed a petition for review, stating that it was challenging the referee’s “recommended discipline only.” However, in its initial brief, the Bar raised an additional challenge to the referee’s recommendation that Cueto be found not guilty of violating rule 4-8.4(c).
ANALYSIS
As a preliminary matter, neither party contests the referee’s recommended findings of fact or recommendations as to guilt for the violations of rules 3^4.3 and 4-8.4(b). Therefore, we approve the findings of fact and recommendations of guilt as to’ these violations.
We next consider Cueto’s argument that the Bar has waived its rule 4-8.4(c) challenge because in its petition for review, the Bar stated that it was “only” challenging the referee’s recommended discipline. We examine this issue because it could impact the questions of Cueto’s guilt as to rule 4-8.4(c) and his discipline.
The Bar argues that the petition for review should be viewed as analogous to the broad scope of a notice of appeal and, therefore, it is not limited by the issues set forth in its petition for review and is permitted to argue that the' referee should have recommended a violation of rule 4-8.4(c). We disagree.
We have reviewed the two provisions governing notices of appeal and petitions for review of referees’ reports. Florida Rule of Appellate Procedure 9.110,[2] which governs the filing of notices of appeal, *155 focuses more on information that identifies a case and its history, rather than on the substance of an appellant’s legal arguments. Nowhere in this rule is a party mandated to1 specify the issues that the party seeks to have reviewed. In contrast, Rule Regulating the Florida Bar 3-7.7(c)(1) (“Procedures before Supreme Court of Florida”), which- governs the procedure for this Court’s review in attorney discipline cases, specifically requires that a petition for review identify the basis of the legal arguments. Rule 3-7.7(c)(l) states that “Review by the Supreme Court of Florida shall be in accordance with the following procedures: ... The proceeding shall be commenced by filing with the Supreme Court of Florida a petition for review, specifying those portions of the report of a referee sought to be reviewed.” (Emphasis added.) Further, subdivision (c)(3) of rule 3-7.7 specifically states, in part, that “[t]he party first seeking review shall file a brief in support of the petition for review within 30 days of the filing of the petition.” (Emphasis added.)
The language in rule 3-7.7 governing the scope of petitions for review is more specific and more restrictive than the language in Florida Rule of Appellate Procedure 9.110 detailing the scope of notices of appeal. Therefore, in the instant case, we conclude that the scope of a petition for review in an attorney discipline proceeding should not be viewed in the same manner as the scope of a notice of appeal in an appellate court’s review of an order or opinion issued by a lower tribunal. Because the Bar’s petition for review specifically stated that it was challenging the referee’s decision only as to the recommended discipline, we conclude that the Bar waived its challenge to the referee’s recommendation that Cueto did not violate rule 4-8.4(c).
However, we have the discretion under rule 3-7.7(e)(l) to “consider a late-filed petition or cross-petition” for review and, therefore, we treat the Bar’s challenge as if it had been raised in a late-filed petition. Further, we have the authority to review the record to determine if “competent substantial evidence supports the referee’s findings of fact and conclusions concerning guilt.” Florida Bar v. Jordan, 705 So.2d 1387, 1390 (Fla.1998). Therefore, the rules and case law demonstrate that this Court has the ultimate discretion to review and consider all aspects of a referee’s report. Although we exercise our discretion in the instant case to consider Cueto’s guilt as to rule 4-8.4(e), we may not always do so in the future, so parties should specify in their petitions for review those issues for which review is being sought. Specifying the portions of the referee’s report gives the opposing party notice of the issues that will be addressed on review. A party’s failure to specify a challenge to-a particular portion of the report in the petition for review, followed by its raising that challenge in its brief, whether intentional or not, could result in a tactical ambush of the opposing party because that party-would not be informed that such a challenge would be raised. In the interest of fairness to the parties who are before this Court in this disciplinary review process, we expect all parties in future cases to fully comply with rule 3-7.7(c) by specifying in their petitions for review all portions of the referee’s report of which they seek review or by filing a proper late-filed petition or cross-petition.-
With regard to the instant case, we disapprove the referee’s recommendation that Cueto be found not guilty of violating rule 4-8.4(c) and conclude that Cueto violated the rule. Rule 4-8.4(c) states that a lawyer shall not “engage - in conduct involving dishonesty, fraud, deceit, or mis *156 representation.” Although the rules do not define these four words, Black’s Law Dictionary notes that “misrepresentation” includes “[c]oncealment ■ or even non-disclosure.” Black’s Law Dictionary 1016 (7th ed.1999) (quoting Restatement (Second) of Contracts § 159 cmt. a (1981)). For the term “dishonest act,” Black’s refers to “fraudulent act,” which is defined as “[c]onduct involving ... dishonesty, a lack of integrity, or moral turpitude.” Id. at 672. Further, “moral turpitude” is defined as “[c]onduct that is contrary to justice, honesty, or morality,” and “[i]n the area of legal ethics, offenses involving moral turpitude ... traditionally make: a person unfit to practice law.” Id. at 1026.
The referee based her recommendation of. not guilty on a finding that in all the cases in which Cueto unlawfully paid compensation to the adjusters, there was no evidence of fraudulent claims or unfair compensation to his clients. However, we conclude that in finding these particular facts, the referee did not properly consider the incontrovertible evidence that Cueto was convicted of a felony involving corruption.[3] The referee restricted her analysis of whether Cueto’s conduct violated the rule to her finding that his actions, while criminal, were not fraudulent or unfair. Although these observations are important and relevant on the issue of mitigating the discipline, this analysis does not negate the fact that the respondent’s actions of engaging in this unlawful compensation scheme constituted “dishonesty” within the meaning of rule 4-8.4(c).
We conclude that in knowingly and “corruptly” participating in this scheme to circumvent the proper function of the legal system, Cueto failed to adhere to the high principles demanded of attorneys. He acted with dishonesty towards the very system he was sworn to uphold. Because Cueto’s conduct violated the basic tenet that lawyers must act in a manner that is not unlawful or contrary to honesty and justice, we disapprove the referee’s recommendation and find Cueto guilty of violating rule 4-8.4(c).
We next review the referee’s disciplinary recommendation of a three-year suspension. It is well established that in reviewing a referee’s recommendation of discipline, this Court’s “scope of review is somewhat broader than that afforded to findings of facts because, ultimately, it is [the Court’s] responsibility to order an appropriate punishment.” Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). “Discipline must be fair to the public and to the respondent and ‘must be severe enough to deter others who might be prone or tempted to become involved in like violations.’ ” Id. (quoting Florida Bar v. Lord, 433 So.2d 983, 986 (Fla.1983)). We disagree with the referee’s recommended discipline and find that disbarment is the appropriate sanction.
This Court usually will not second-guess a referee’s recommended discipline as long as that discipline has a reasonable basis in existing case law and in the Florida Standards for Imposing Lawyer Sanctions. See Florida Bar v. Temmer, 753 *157 So.2d 555, 558 (Fla.1999). After reviewing the existing case law and the Florida Standards for Imposing Lawyer Sanctions, we conclude that the recommended discipline has no reasonable basis in existing case law and that disbarment is the appropriate sanction. See Florida Bar v. Rendina, 583 So.2d 314 (Fla.1991) (disbarring attorney for attempting to bribe State Attorney, where attorney pled guilty to charge of conspiracy to commit unlawful compensation and the referee found attorney guilty of, among other violations, engaging in conduct involving dishonesty); Fla. Stds. Imposing Law. Sanes. 5.11(a) (disbarment is appropriate when “a lawyer is convicted of a felony under applicable law”). Case law reveals that this Court, after considering mitigating factors, has both disbarred and suspended attorneys for felony convictions. In the cases in which disbarment was imposed, this Court found that the seriousness of the offense warranted disbarment despite the presence of mitigating factors.[4] Most notably, this Court has disbarred attorneys when the offenses involved a repeated pattern of serious misconduct or “attackfed] the very core of our system of justice.” Rendina, 583 So.2d at 316; see also Florida Bar v. Nedick, 603 So.2d 502 (Fla.1992). The misconduct in the present case involves both of those characteristics.
Although the referee found that Cueto did not initiate the conduct which led to his conviction and that he was a fledgling lawyer at the time he was approached by the supervising county adjuster, we conclude that these mitigating factors provide little mitigation in comparison to the seriousness of the offense. The fact that Cueto did not initiate the misconduct does not lessen his involvement in such misconduct. Further, although Cueto may have been a fledgling lawyer when he first engaged in the misconduct, the misconduct continued for six years until his arrest in 1999. Additionally, the referee’s finding of no prior disciplinary history carries little weight because Cueto had been admitted to the practice of law for only one year before engaging in the misconduct. See Florida Bar v. Wilson, 425 So.2d 2 (Fla.1983) (giving little value to the mitigating factor of lack of a prior disciplinary history because attorney had only been a member of the Bar for six months prior to his arrest). Thus, we conclude that the seriousness of Cueto’s felonious misconduct and the violations of rules 3-4.3, 4-8.4(b), and 4-8.4(c) override the referee’s findings in mitigation. Because the recommended discipline has no reasonable basis in existing case law, we disapprove the referee’s recommended discipline and disbar Cueto.
CONCLUSION
Accordingly, we approve the referee’s recommended findings of fact and recommendations of guilt as to the violations of rules 3-4.3 (commission of any act that is unlawful or contrary, to honesty and justice) and 4-8.4(b) (criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness). We disapprove the referee’s recommendation that Cueto be found not guilty of violating rule 4-8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and find him guilty of violating this rule. Further, we disapprove the referee’s recommended discipline of a three-year suspension.
Jorge Luis Cueto is hereby disbarred from the practice of law in the State of *158 Florida, effective, nunc pro tunc, May 5, 2000, the' effective date of Ms automatic suspension based on his felony conviction. See Florida Bar v. Cueto, 762 So.2d 918 (Fla.2000) (unpublished order) (No. SC00-650, Apr. 4, 2000). In that order, we afforded Cueto thirty days to close out his practice and protect the interests of existing clients. Further, we ordered Cueto not to accept any new business starting April 4, 2000, the date the order was issued. Accordingly, we find that providing Cueto with time to close his practice is not necessary. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Jorge Luis Cueto in the amount of $870.00, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.

. After this Court was notified of Cueto's conviction, pursuant to Rule Regulating the Flori *154 da Bar 3-7.2(e) and by order of this Court, Cueto was automatically suspended from the practice of law in Florida effective May 5, 2000. See Florida Bar v. Cueto, 762 So.2d 918 (Fla.2000) (unpublished order) (No. SC00-650, Apr. 4, 2000).

. Florida Rule of Appellate Procedure 9.110 provides:
(d) Notice of Appeal. The notice of appeal shall be substantially in the form prescribed by rule 9.900(a) [providing a form for a notice of appeal]. The caption shall contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in the lower tribunal. The notice shall contain the name of the court to which the appeal is taken, the date of rendition, and the nature of the order to be reviewed. Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice together with any order entered on a timely motion postponing rendition of the order or orders appealed.
[[Image here]]
(h) Scope of Review. The court may review any ruling or matter occurring before filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.

. The statute on "Unlawful compensation or reward for official behavior," section 838.016(1), Florida Statutes (2000), provides in pertinent part: "It is unlawful for any person corruptly to give ... to any public servant ... any ... benefit not authorized by law, for the past, present, or future performance, nonperformance, or violation of any act ... which the person believes to have been ... within the official discretion of the public servant....” (Emphasis added.) Section 838.014(6), Florida Statutes (2000), defines "corruptly” within the unlawful compensation statute as an act "done with a wrongful intent.”

. See, e.g., Florida Bar v. Grief, 701 So.2d 555 (Fla.1997) (attorney disbarred based on felony conviction for conspiracy to defraud the government by filing false immigration documents despite referee’s recommendation of a three-year suspension); Rendina, 583 So.2d at 316.