835 So.2d 241 (2002)
THE FLORIDA BAR, Complainant,
v.
Jonathan Isaac ROTSTEIN, Respondent.
No. SC01-114.
Supreme Court of Florida.
November 7, 2002.
Rehearing Denied January 10, 2003.
*242 John F. Harkness, Jr., Executive Director, John Anthony Boggs, Staff Counsel, and Elizabeth Sikora Conan, Bar Counsel, The Florida Bar, Orlando, FL, for Complainant.
Patricia S. Etkin of the Law Offices of Weiss and Etkin, Plantation, FL, for Respondent.
PER CURIAM.
We have for review a referee's report regarding alleged ethical breaches by Jonathan Isaac Rotstein. We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's recommendation that Rotstein be suspended for one year.

FACTS
The Florida Bar filed a three-count complaint against Jonathan Isaac Rotstein alleging numerous violations in his negligent handling of a personal injury claim, his subsequent attempts to cover up his mistakes, and his attempts to enforce settlement agreements while knowingly taking positions adverse to the clients he was representing. After holding hearings, the referee issued a report making the following findings of fact and recommendations as to guilt.

Count I
Rotstein was hired by Ms. Linda Jarrett to handle a personal injury claim against the M & M/Mars Company. The referee found that Rotstein negligently failed to file the claim because he only wrote one letter to the company and took no further action. Rotstein did not advise Jarrett when the statute of limitations on the claim lapsed. Instead, he fraudulently created a letter that he backdated to July 8, 1998, purportedly advising Jarrett that he was withdrawing as her representative and that the statute of limitations would run on December 25, 1998. Rotstein sent additional letters to the Bar's grievance committee, dated January 29, 2000, February 26, 2000, and May 14, 2000, all of which indicated that the withdrawal letter was accurate and true. At the hearings, Rotstein admitted that he drafted the letter to Jarrett some time in September 1999, not in 1998, because he panicked when he realized that the statute of limitations had expired. The referee found that by these various letters, Rotstein submitted four false documents to the grievance committee and to the Bar.
On September 8, 2000, before the formal hearing, Rotstein sent a letter to the Bar repudiating the veracity of the July 8, 1998, letter and disavowing all previous representations in his handling of the M & M/Mars claim, including his claim that he had timely withdrawn and notified Jarrett of the statute of limitations. On December 11, 2000, Rotstein wrote a letter to Jarrett indicating that he failed to file her case and failed earlier to admit his mistake. Rotstein suggested mediation to compensate her for her injuries.
The referee recommended that Rotstein be found guilty of violating the following Rules Regulating the Florida Bar: 3-4.3 (engaging in conduct that is unlawful or contrary to honesty and justice); 4-1.4(a) (failing to keep a client reasonably informed about the status of a matter and failing to comply with reasonable requests for information); 4-3.3 (knowingly making false statements of material fact or law to a tribunal); 4-8.1(a) (knowingly making a false statement of material fact in connection with a disciplinary matter); 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (engaging in conduct in connection with the practice of law that is prejudicial to the administration of justice).

Count II
Ms. Margaret Beaver retained Rotstein to represent her in a claim for slip and fall *243 injuries. Pursuant to a March 16, 2000, mediation, Beaver's claim was voluntarily settled for $4250. Beaver subsequently refused to execute the release. On July 7, 2000, Rotstein filed a motion to enforce settlement without consulting with Beaver and without her knowledge or consent, thereby knowingly taking a position adverse to his client. The referee recommended that Rotstein be found guilty of violating rule 4-1.7 (representing a client where the lawyer's exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interests).

Count III
Ms. Olga Petrucha retained Rotstein to represent her in a suit against a restaurant. The case settled at mediation for $500 and Petrucha executed some of the settlement documents, but she refused to endorse the settlement check when she discovered that her proceeds would be $12.15. Rotstein filed a motion to enforce settlement without discussing his actions or notifying Petrucha, and without her knowledge or consent, thereby knowingly taking a position adverse to his client. The referee recommended that Rotstein also be found guilty of violating rule 4-1.7 for this count.
As for discipline, the referee stated that counts II and III alone would likely have resulted in a public reprimand or an admonishment, but factoring in the violations for count I raises Rotstein's misconduct to an "extremely serious" level. The referee stated that Rotstein's misconduct fits within various disbarment standards of the Florida Standards for Imposing Lawyer Sanctions. The referee also found, as aggravating factors: (1) prior disciplinary offense, standard 9.22(a) (prior disciplinary conviction in Florida Bar v. Rotstein, TFB Case No.1999-31,449(07C), in which Rotstein was admonished for minor misconduct in neglecting a client's legal matter); (2) dishonest or selfish motive, standard 9.22(b); (3) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, standard 9.22(e); (4) submission of false evidence, false statements, or other deceptive practices during the disciplinary process, standard 9.22(f); and (5) substantial experience in the practice of law, standard 9.22(i) (Rotstein was admitted to the Bar in 1991). The referee found as mitigating factors: (1) timely good faith effort to make restitution or to rectify consequences of misconduct, standard 9.32(d); and (2) remorse, standard 9.32(l). The referee stated that Rotstein's actions constitute a serious offense and could carry with them "the most extreme punishment," but he concluded that "under the circumstances, disbarment is neither required nor appropriate." The referee recommended that under the "totality of the circumstances" Rotstein should be (1) suspended from the practice of law for a period of one year; (2) required to retake the ethics portion of the bar exam; and (3) required to pay all disciplinary costs. The referee also recommended that if Rotstein fails to fully comply with any of these recommendations, it should be deemed cause to subject him to further disciplinary proceedings.
The Bar petitioned for review, contesting the referee's recommendation as to discipline, arguing that at least a three-year suspension is the appropriate sanction. Rotstein cross-petitioned, arguing numerous issues.

ANALYSIS
As a preliminary matter, we note that neither party contests the referee's recommended findings of fact or recommendations *244 as to guilt for the violations of rules 3-4.3, 4-1.4(a), 4-8.1(a), 4-8.4(c), and 4-8.4(d) under count I. Therefore, we approve the referee's findings of fact and recommendations of guilt as to these violations without further discussion. We now proceed to review the matters contested by the parties.
We first consider Rotstein's claim that his due process rights were violated because the referee did not exclude the testimony of a Bar rebuttal witness. At the hearings, Rotstein testified that he had never been sanctioned by a court for counseling clients to lie. The Bar called Judge Richard B. Orfinger as a rebuttal witness to testify about an incident in which he sanctioned Rotstein for counseling clients to make misrepresentations to the court. Rotstein argues that the testimony was unrelated to the instant case.
With regard to the admission or exclusion of evidence in bar disciplinary proceedings, this Court has held that because "bar disciplinary proceedings are quasi-judicial rather than civil or criminal, the referee is not bound by technical rules of evidence." Florida Bar v. Rendina, 583 So.2d 314, 315 (Fla.1991). Further, this Court has reviewed referees' actions regarding the admissibility of evidence in discipline cases using an abuse of discretion standard. See Florida Bar v. Hollander, 607 So.2d 412 (Fla.1992) (Hollander failed to show that the referee abused his discretion in qualifying an expert witness); Rendina, 583 So.2d 314 (referee did not abuse his discretion regarding the admissibility of evidence). Applying that standard to the instant case, we conclude that the referee did not abuse his discretion in permitting the witness to testify in rebuttal to Rotstein's statements. More importantly, despite the extensive arguments made by Rotstein and the Bar, there is no point in the referee's report where the referee cited to or relied upon the testimony of Judge Orfinger. The referee allowed the witness to testify, but he did not mention Judge Orfinger's testimony in his report. We find that Rotstein's due process rights were not violated and that this argument is without merit.
Rotstein next argues that the referee's recommendation of guilt as to a violation of rule 4-3.3 (knowingly making false statements of material fact or law to a tribunal) for count I is not supported because Rotstein did not make any false statements or provide false testimony in a court proceeding. He argues that rule 4-3.3 applies to a lack of candor to a tribunal, not a grievance committee, and that the applicable disciplinary rule is 4-8.1(a).[1] Rotstein is correct on this point. We conclude that the referee's finding of a rule 4-3.3 violation is not supported by the facts because Rotstein's misconduct occurred in the course of his communications with the Bar and the grievance committee, not a court. Therefore, we disapprove the referee's recommendation that Rotstein violated rule 4-3.3.
Rotstein further claims that the referee's findings of fact do not support his *245 recommendations that Rotstein violated rule 4-1.7[2] in counts II and III. Specifically, Rotstein contests the referee's finding that Rotstein knew his actions were against his clients' interests and that Rotstein was acting in his own interest. This Court has stated that its "review of such matters is limited, and if a referee's findings are supported by competent, substantial evidence in the record, this Court will not reweigh the evidence and substitute its judgment for that of the referee." Florida Bar v. Frederick, 756 So.2d 79, 86 (Fla. 2000). See also Florida Bar v. Jordan, 705 So.2d 1387, 1390 (Fla.1998).
We conclude that the record supports the referee's findings that Rotstein filed the motions to enforce settlement against his two clients' interests. Rotstein's own testimony indicates that he filed the motions without discussing these matters with his clients and he did not seek their consent. Rotstein admitted being fully aware that his clients were not satisfied with the settlements, which is especially important because client Petrucha would only receive $12.15 after costs and Rotstein's fees. Nevertheless, he admits attempting to force these cases to settlement. Thus, Rotstein knowingly took positions adverse to his clients in the very matters in which he was representing them when he filed the motions to enforce settlement. See Florida Bar v. Bailey, 803 So.2d 683, 689 (Fla.2001) (attorney who managed client's real property for his own personal benefit and procrastinated in his efforts to sell the property violated rule 4-1.7); Florida Bar v. Lange, 711 So.2d 518, 520-21 (Fla.1998) (attorney who allowed his independent professional judgment to be compromised by his own personal financial interests in a case violated rule 4-1.7). Further, our review of the record indicates that the referee could have reasonably concluded that Rotstein filed these motions in an attempt to end proceedings and collect his fees. Therefore, we conclude that the referee's findings are supported by competent, substantial evidence in the record and that the findings support the referee's recommendation that Rotstein be found guilty of two violations of rule 4-1.7.

DISCIPLINE
Next, we consider the Bar's challenge to the referee's recommended discipline of a one-year suspension. It is well established that in reviewing a referee's recommended discipline, this Court's scope of review is somewhat broader than that afforded to findings of facts because, ultimately, it is the Court's responsibility to order an appropriate discipline. See Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989).
The Bar argues that the appropriate discipline is a three-year suspension, while Rotstein claims that the appropriate discipline is a ten-day to ninety-day suspension. However, the cases cited by the Bar are distinguishable from the instant case because they involve criminal misdeeds or frauds upon the court, or are reinstatement or reciprocal discipline cases. See Florida Bar v. Orta, 689 So.2d 270 (Fla. 1997) (denying reinstatement after three-year suspension for felony convictions because attorney continued to engage in fraudulent and deceitful conduct); Florida Bar v. Budnitz, 690 So.2d 1239 (Fla.1997) (disbarring attorney as reciprocal discipline because he was disbarred in New Hampshire regarding false statements in *246 testimony before grand jury). The cases cited by Rotstein for support are not on point either because they do not include the numerous rule violations present in the instant case or because the cited cases are dated and do not reflect the evolving views of this Court. See Florida Bar v. Morrison, 496 So.2d 820, 821 (Fla.1986) (suspending for ten days an attorney who failed to timely file an appellate brief in a criminal appeal and made misrepresentations to the grievance committee); Florida Bar v. Neely, 372 So.2d 89, 93 (Fla.1979) (suspending for ninety days an attorney who took advantage of his clients by purchasing property on which they had a claim). In recent years, this Court has moved towards stronger sanctions for attorney misconduct.
Even considering our disapproval of the recommendation of guilt for a violation of rule 4-3.3, the referee correctly noted that the violations of rules 3-4.3, 4-1.4(a), 4-8.1(a), 4-8.4(c), and 4-8.4(d) for count I raise Rotstein's misconduct to an extremely serious level. Rotstein was negligent in his handling of Jarrett's personal injury claim. Instead of being truthful and admitting his mistake from the start, he engaged in the extremely dishonest and fraudulent misconduct of creating a backdated letter to his client. He then repeatedly made intentional misrepresentations to the Bar. Rotstein has demonstrated basic, fundamental dishonesty. When demonstrated, this is a serious flaw, which cannot be tolerated. We have stated that "[d]ishonesty and a lack of candor cannot be tolerated by a profession that relies on the truthfulness of its members." Florida Bar v. Korones, 752 So.2d 586, 591 (Fla.2000). See Florida Bar v. Maynard, 672 So.2d 530 (Fla.1996) (disbarring attorney for several rule violations, including engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation). On the basis of the violations in count I alone, we approve the referee's recommended discipline of a one-year suspension.
However, Rotstein's misdeeds were not isolated to one case. Indeed, he committed rule violations in the course of representing clients in three separate cases. Also, the referee found five significant aggravating factors: prior disciplinary offense; dishonest or selfish motive; bad faith obstruction of the disciplinary proceeding; submission of false evidence, false statements, or other deceptive practices during the disciplinary process; and substantial experience in the practice of law. Rotstein argues that the referee improperly found Rotstein's failure to comply with the Bar's subpoena duces tecum an aggravating factor (standard 9.22(e), bad faith obstruction of the disciplinary proceeding). We agree with Rotstein and conclude that the referee should not have found this to be an aggravating factor.[3] Nevertheless, considering the backdated letter and other facts of this case, Rotstein's *247 numerous and serious rule violations, and the four remaining aggravating factors, our disapproval of this single aggravating factor does not result in a reduced discipline. We find that Rotstein's intentional and egregious misconduct has demonstrated an attitude that is wholly inconsistent with professional standards and, thus, we approve the referee's recommended discipline of a one-year suspension.
We also approve the referee's other recommended disciplinary sanctions, including requiring Rotstein to retake the ethics portion of the bar exam. Such sanctions are standard in disciplinary cases in which an attorney is suspended for over ninety-one days. See R. Regulating Fla. Bar 3-5.1(e) (suspension of more than ninety days shall require proof of rehabilitation and may require passage of all or part of the Florida bar examination); Florida Bar v. Nunes, 679 So.2d 744 (Fla.1996) (attorney required to complete specified CLE hours).

COSTS
Finally, we examine Rotstein's motion to strike the Bar's third amended affidavit of costs. Rotstein challenges the amended affidavit because it contains additional transcript costs that resulted from bringing the case before this Court.
In his initial argument, Rotstein places great weight on rule 3-7.7(c)(2) of the Rules Regulating the Florida Bar, which states in part that the "party seeking review shall be responsible for, and pay directly to the court reporter, the cost of preparation of transcripts." (Emphasis added.) Rotstein argues that because the Bar petitioned this Court for review of the referee's report, the Bar should be "responsible for" the payment of these costs. However, Rotstein's reliance on rule 3-7.7 is misplaced. Although rule 3-7.7 addresses the procedures for bringing a disciplinary case before the Supreme Court, it is actually rule 3-7.6(o) that addresses the assessment of costs. Rule 3-7.6(o) states in part:
(o) Costs
(1) Taxable Costs. Taxable costs of the proceedings shall include only:
. . . .
(B) court reporters' fees;
(C) copy costs;
. . . .
(2) Discretion of Referee. The referee shall have discretion to award costs....
Further, this Court specifically stated in In re Amendments to Rules Regulating the Florida Bar, 718 So.2d 1179, 1180 (Fla. 1998), that the "party requesting the transcript is to bear the cost of transcription, subject to the possibility of assessment in connection with the judgment ultimately rendered in the case." (Emphasis added.) In the instant case, the referee specifically stated that "[i]t is apparent that other costs have or may be incurred. It is recommended that all such costs and expenses together with the foregoing itemized costs be charged to the respondent." We conclude that the referee used his discretion and made a permissible assessment of transcript costs in connection with the judgment rendered in the case.
Rotstein also argues that the Bar did not fully prevail in this case, so costs should not be awarded to the Bar. In contrast to Rotstein's argument, rule 3-7.6(o)(3), "Assessment of Bar Costs," states that "[w]hen the bar is successful, in whole or in part, the referee may assess the bar's costs against the respondent." (Emphasis added.) Further, this Court has stated that "[w]here the choice is between imposing costs on a bar member who has misbehaved and imposing them on *248 the rest of the members who have not misbehaved, it is only fair to tax the costs against the misbehaving member." Florida Bar v. Kassier, 730 So.2d 1273, 1276 (Fla.1998). In the instant case, we conclude that Rotstein violated several disciplinary rules and we approve his suspension. Clearly, the Bar has prevailed. Therefore, we deny the motion to strike and award costs to the Bar.

CONCLUSION
Accordingly, we approve the referee's findings of fact and recommendations of guilt as to the violations of rules 3-4.3, 4-1.4(a), 4-1.7, 4-8.1(a), 4-8.4(c), and 4-8.4(d). We disapprove the referee's recommendation that Rotstein be found guilty of violating rule 4-3.3, and disapprove the referee's finding of aggravating factor 9.22(e). Finally, we approve the referee's recommended discipline that Rotstein be suspended for one year.
Jonathan Isaac Rotstein is hereby suspended from the practice of law for one year, after which he must make an affirmative demonstration of rehabilitation before he will be reinstated to the practice of law in Florida. Further, Rotstein must retake and pass the ethics portion of the bar exam. The one-year suspension will be effective thirty days from the filing of this opinion so that Jonathan Isaac Rotstein can close out his practice and protect the interests of existing clients. If Jonathan Isaac Rotstein notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Jonathan Isaac Rotstein shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Jonathan Isaac Rotstein in the amount of $8,482.15, for which sum let execution issue.
It is so ordered.
ANSTEAD, C.J., SHAW, WELLS, PARIENTE, LEWIS and QUINCE, JJ., and HARDING, Senior Justice, concur.
NOTES
[1] Rule 4-8.1(a), "Bar admission and disciplinary matters," specifically refers to attorneys involved in bar disciplinary matters and states, "An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not: (a) knowingly make a false statement of material fact." (Emphasis added.) The accompanying comments, although not binding, state that the "duty imposed by this rule applies to a lawyer's own admission or discipline" and that "it is a separate professional offense for a lawyer to knowingly make a misrepresentation ... in connection with a disciplinary investigation of the lawyer's own conduct." R. Regulating Fla. Bar 4-8.1 cmt.
[2] Rule 4-1.7 is violated when a lawyer represents a client and the lawyer's exercise of independent professional judgment in that representation may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interests. See R. Regulating Fla. Bar 4-1.7.
[3] The respondents in disciplinary cases who failed to comply with a subpoena usually either ignored the subpoena or else feigned compliance by submitting some, but not all, of the subpoenaed items. See, e.g., Florida Bar v. Spann, 682 So.2d 1070, 1072 (Fla.1996) (attorney served with grievance committee subpoena failed to produce certain records). The record in the instant case indicates that Rotstein did not engage in either of these activities. Rather, Rotstein's counsel submitted written objections to the Bar arguing that the subpoena was unduly burdensome. Further, Rotstein also challenged the subpoena because he thought it violated his right to be free from unreasonable search and seizure. See R. Regulating Fla. Bar 3-7.11(g) (permitting a respondent to claim a privilege or right properly available under applicable law). Based on rule 3-7.11(g) and case law, we conclude that Rotstein's challenges to the scope of the subpoena do not justify finding this aggravating factor.