784 So.2d 411 (2001)
THE FLORIDA BAR, Complainant,
v.
Dorothy V. MAIER, Respondent.
No. SC96648.
Supreme Court of Florida.
April 19, 2001.
John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Division Director, Tallahassee, FL; and Patricia Ann Toro Savitz, Bar Counsel, Orlando, FL, for Complainant.
J. David Bogenschutz of Bogenschutz & Dutko, P.A., Fort Lauderdale, FL, for Respondent.
*412 PER CURIAM.
We have for review the report of the referee recommending that disciplinary measures be imposed upon respondent, Dorothy V. Maier, for alleged ethical breaches. We have jurisdiction. See art. V, § 15, Fla. Const.
On or about February 24, 1995, Yvonne Suter retained Maier to pursue an application for alien labor certification through the Florida Department of Labor and Employment Security (hereinafter "the Department") and to ultimately obtain her visa to live and work in the United States. Suter paid Maier $2500 to represent her.
On approximately March 22, 1995, Maier sent Suter's application to the Department. On two separate occasions, William G. Rous, an employee with the Department, requested additional information from Maier regarding Suter's application. Maier timely responded to Rous's requests with the additional information; however, Maier did not provide Suter with copies of the replies.[1]
From February 1995 through February 1996, Suter repeatedly called Maier seeking updates on the processing of her application. According to the referee, Maier failed to adequately respond to Ms. Suter's repeated inquiries. Maier did not respond to Suter's inquiries until Suter advised Maier that she intended to obtain another attorney and retrieve her file.
In June 1996, Suter learned that her application for alien labor certification had been canceled. By letter, Suter demanded that Maier refund her retainer. Suter then filed a grievance with The Florida Bar. The Bar closed this grievance on May 15, 1997. However, Suter's grievance was reopened in 1998 after Suter contacted the Bar with new information. According to the referee, subsequent to the reopening of Suter's grievance, Maier failed to timely respond to inquiries made by the Bar. She could not be located at her Bar address in Fort Lauderdale and mail sent to that location was returned by the post office as unclaimed.
Maier stipulated to violating the following Rules Regulating The Florida Bar: 4-1.3 (failing to act with reasonable diligence and promptness in representing a client); 4-1.4 (failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and failing to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation); and 4-8.4(g) (failing to respond, in writing, to any inquiry by a disciplinary agency when such agency is conducting an investigation into the lawyer's conduct).
The referee recommend that Maier be suspended from the practice of law for ninety-one days and that Maier be required to pay the Bar's costs. The referee recommended that Maier be placed on probation for a period of three years following her reinstatement. One condition of Maier's probation would be an evaluation by LOMAS (Law Office Management Assistance Service). In addition, the referee recommended that, within thirty days of entry of this Court's order in the instant case, Maier be required to enter into a rehabilitation contract with Florida Lawyers Assistance, Inc. (FLA), which should include the completion of an evaluation for *413 substance abuse and mental health issues. The referee recommended that Maier be held responsible for any registration fees and monthly probation monitoring fees, and that she remain on probation until completion of her FLA contract. The referee recommended that after completing her suspension, Maier's court appearances and client representations be supervised by another member of the Bar and that she be required to make periodic reports on her caseload and supervision of her work, filing the reports with the Clerk of the Supreme Court of Florida and the Bar.
Although not expressly, in recommending this discipline it appears that the referee found as an aggravating factor Maier's prior disciplinary history, which included a thirty-day suspension imposed in 1998, see Florida Bar v. Maier, 707 So.2d 1127 (Fla. 1998), and two admonishments imposed in 1996 and 1994. Maier has petitioned for review of the referee's recommended discipline, arguing that it is too severe and that a public reprimand would be more appropriate.
In reviewing a referee's recommendation of discipline, this Court's "scope of review is somewhat broader than that afforded to findings of facts because, ultimately, it is [the Court's] responsibility to order an appropriate punishment." Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). Despite Maier's disciplinary history, we conclude that the mitigating factors evidenced by the record below, as well as the amount of time that has passed since Maier's violations in the course of her representation of Suter, warrant less severe discipline than that recommended by the referee. Nevertheless, we do not believe that a public reprimand is sufficient in light of the fact that Maier's violations in the instant case involve the same type of misconduct that were the subject of her three previous disciplinary actions. See generally Florida Bar v. Morrison, 669 So.2d 1040, 1042 (Fla.1996) (finding that "[i]n rendering discipline, this Court considers the respondent's previous history and increases the discipline where appropriate"). Since this is Maier's fourth disciplinary proceeding in the last seven years, and Maier was suspended for thirty days in 1998, see Florida Bar v. Maier, 707 So.2d 1127 (Fla.1998), we believe that a sixty-day suspension is appropriate in the instant case.
Accordingly, Dorothy V. Maier is hereby suspended from the practice of law in Florida for sixty days to be followed by a three-year probationary period. The conditions of Maier's probation shall be as provided in the referee's report. The suspension will be effective thirty days from the filing of this opinion so that Maier can close out her practice and protect the interests of existing clients. If Maier notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Maier shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Maier in the amount of $1,586.75, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The referee states that Rous filed a third request for information which required a response from Maier by October 14, 1995. The referee never states whether Maier responded to this request in a timely manner. However, the Bar's complaint states that Suter's application was canceled because Maier failed to provide this information within the required 45-day time limit.