ORFINGER, J.
 

 In this legal malpractice action, Max R. Whitney, the defendant below, appeals the trial court’s final judgment entered after the court struck his pleadings and entered a default against him as a consequence of various discovery violations. On the limited record before us, we find no abuse of discretion and affirm the trial court’s order striking Whitney’s defenses and entering a default judgment against him.
 

 Whitney also appeals the trial court’s order assessing attorney’s fees against him. We agree that the order is defective as the trial court failed to make findings of fact in the judgment regarding the number of hours spent by Hill’s counsel and a reasonable hourly rate as required by
 
 Florida Patient’s Compensation Fund v. Rowe,
 
 472 So.2d 1145 (Fla.1985), modified,
 
 Standard Guaranty Insurance Co. v. Quanstrom, 555
 
 So.2d 828 (Fla.1990). Because the court made no findings as to the number of hours reasonably expended or an hourly rate, reversal is required.
 
 Simpson v. Simpson,
 
 780 So.2d 985, 988 (Fla. 5th DCA 2001).
 

 Finally, we note that the attorney’s fee award appears to cover all fees incurred by Hill during the course of the litigation. As Whitney correctly argues, that is error as the amount of attorney’s fees awarded should only be for that time reasonably occasioned by Whitney’s misconduct and not for the entire litigation.
 
 Id.
 
 at 989.
 

 AFFIRMED in part; REVERSED in part, and REMANDED.
 

 PALMER, C.J. and SAWAYA, J., concur.