# Supreme Court of Florida

No. SC17-1391

**THE FLORIDA BAR,**
Complainant,

vs.

**JONATHAN STEPHEN SCHWARTZ,**
Respondent.

February 17, 2022

PER CURIAM.

We have for review a referee's report recommending that Respondent, Jonathan Stephen Schwartz, receive a ninety-day suspension following our disapproval of a prior referee's report finding that Schwartz did not violate the Rules Regulating the Florida Bar (Bar Rules). We have jurisdiction.[1] The Florida Bar (Bar) sought review of the referee's report, seeking a three-year suspension. Having reviewed both the record and our prior case law, we agree with the Bar that a more severe sanction is

---

1. *See* art. V, § 15, Fla. Const.

warranted, particularly in light of Schwartz's prior disciplinary record. Therefore, we disapprove the referee's report recommending a nonrehabilitative sanction and instead impose a three-year suspension.

## BACKGROUND

Schwartz, a criminal defense attorney who was admitted to the Bar in 1986, became the subject of the instant Bar proceedings based upon his use of two defense exhibits during a pretrial deposition. While representing the defendant in *State v. Virgil Woodson*, Circuit Case No. 13-2013-CF-012946-0001-XX (Miami-Dade County, Florida), Schwartz created the exhibits, two black and white photocopies of a police lineup. In each, Schwartz altered the defendant's picture. In one exhibit, he replaced the defendant's face with that of an individual whom witnesses other than the robbery victim had identified as the perpetrator. In the other exhibit, Schwartz changed the defendant's hairstyle. However, the altered photocopies used at the deposition retained the victim's identification of the defendant, including both her circle around what had been the defendant's picture and her signature at the bottom of the lineup, as well as a police officer's signature. In a

complaint filed with the Court on July 27, 2017, the Bar alleged that Schwartz's use of the exhibits, without disclosing that the photo lineups had been altered, violated Bar Rules 3-4.3 (Misconduct and Minor Misconduct) and 4-8.4(c) ("A lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."). We referred the matter to a referee for further proceedings.

On review of a referee report recommending that Schwartz not be found guilty of any ethics violations, the Court, in an opinion dated November 7, 2019, disapproved the referee's findings of fact and recommendation. *Fla. Bar v. Schwartz*, 284 So. 3d 393, 394 (Fla. 2019). First, we held that the referee "improperly focused upon Schwartz's asserted motive" to provide constitutionally effective assistance of counsel. *Id.* at 396. Rather, his subjective motive was not determinative. Moreover, we concluded that it was an "undisputed fact that Schwartz knowingly and deliberately created the defense exhibits by altering photocopies of the police lineups and showing them to the victim at the deposition" and that the exhibits were "deceptive on their face." *Id.* Thus, Schwartz's intent to create what were deceptive exhibits in themselves led to

the inescapable conclusion that he violated Bar Rules 3-4.3 and 4-8.4(c) as alleged. Based upon our disposition upon the referee's report on the issue of guilt, we remanded the case "to a newly appointed referee for a hearing limited to a determination of recommended discipline." *Id.* at 398.

Following the appointment of a new referee and a sanctions hearing, the successor referee ultimately recommended that Schwartz receive a ninety-day suspension, to be followed by a one-year term of probation. The Bar sought review of the referee's recommendation, arguing that a three-year, rehabilitative suspension is warranted. For the reasons discussed below, we disapprove the referee's report and instead impose a three-year suspension.

The sanction hearing was held on August 21, 2020.[2] In addition to testifying himself, Schwartz presented the testimony of family, friends, current employees, a former client, a judicial officer,

_____

2. At the sanction hearing the referee also conducted a hearing in another pending Bar disciplinary case against Schwartz, *Florida Bar v. Schwartz*, No. SC19-983, pertaining to an alleged advertising violation. Review of the referee's report in that case is currently stayed pending the disposition of the instant case.

and a mental health professional. Schwartz also presented numerous letters authored by friends and colleagues. The Bar did not proffer any evidence, instead arguing case law in support of the request that the referee recommend a three-year suspension.

**REFEREE'S FINDINGS AND RECOMMENDED SANCTION**

Having considered testimony and argument at the sanction hearing, the successor referee subsequently filed her report on October 16, 2020. In determining the recommended sanction, the referee considered Schwartz's personal history, prior discipline, and the existence of aggravating and mitigating factors pursuant to the Florida Standards for Imposing Lawyer Sanctions (Standards). The referee also considered existing case law.

As found by the referee, Schwartz's prior disciplinary history is as follows.

In an order dated May 29, 2012, in case number SC11-2143, the Court suspended Schwartz for ninety days based upon a consent judgment. *Florida Bar v. Schwartz*, 91 So. 3d 134 (Fla. 2012) (table). Schwartz admitted violating Bar Rules 4-1.8(a) (Conflict of Interest; Prohibited and Other Transactions; Business Transactions With or Acquiring Interest Adverse to Client), 4-

3.3(a)(1) (Candor Toward the Tribunal; False Evidence; Duty to Disclose), 4-4.1(a) (Truthfulness in statements to others), 4-8.4(a) ("A lawyer shall not . . . violate or attempt to violate the Rules of Professional Conduct . . . ."), 4-8.4(b) ("A lawyer shall not . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects . . . ."), and 4-8.4(c) ("A lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation . . . ."). According to the "Report of the Referee Accepting Consent Judgment" approved by the Court in that case, Schwartz twice notarized a Uniform Child Custody Jurisdiction Act Affidavit and signed "JS for E. Ocampo" where his client, who was outside of the United States and unavailable to sign the affidavit, was required to sign. Schwartz then filed each affidavit with the defective notarizations, thereby making knowing misrepresentations to the court.

Previously, on June 20, 2002, the Court approved a consent judgment and imposed a public reprimand in case number SC02-787. Schwartz violated Bar Rules 4-3.1 (Meritorious claims and contentions), 4-3.3(a)(1), 4-4.1(a), 4-4.4 (Respect for rights of

third persons), 4-5.6 (Restrictions on right to practice), 4-8.4(a), and 4-8.4(c).

And, on April 10, 1997, the Court issued its order in case number SC60-90204, approving a consent judgment and imposing a public reprimand for violations of Bar Rules 4-3.3(a), 4-3.4(c) (Fairness of Opposing Party and Counsel), 4-8.4(c), and 4-8.4(d) ("A lawyer shall not . . . engage in conduct in connection with the practice of law that is prejudicial to the administration of justice . . . .").

In addition, Schwartz received an admonishment for minor misconduct by the Eleventh Judicial Circuit Grievance Committee "B" on March 29, 1995, in The Florida Bar File No. 1994-71,026(11B), for violation of Bar Rule 4-8.4(d).[3]

With respect to mitigating factors under Standard 3.3, the referee found two, namely (b)(5) ("full and free disclosure to the bar

---

3. Schwartz also received admonishments for minor misconduct for violation of advertising rule requirements of the Bar Rules, on May 23, 2007, by the Second Judicial Circuit Grievance Committee "S", in The Florida Bar File No. 2007-90,330(02S), and on December 19, 1996, by the Eleventh Judicial Circuit Grievance Committee "B", in The Florida Bar File No. 1996-71,789(11B).

or cooperative attitude toward the proceedings"), and (b)(7) ("character or reputation"). Further, the referee found the following two non-Standard matters as mitigating: "The length of time this disciplinary case has been pending has extracted a considerable toll on Respondent [as ][h]e indicated that he has had difficulties and has spent sleepless nights, as a result [of] the case," and "Respondent testified that he is trying to limit the number of cases and kind of cases as well attempting [to] solve problems before they arise." Turning to aggravating factors under Standard 3.2, the referee found three factors, namely (b)(1) ("prior disciplinary offenses"), (b)(3) ("a pattern of misconduct"), and (b)(9) ("substantial experience in the practice of law").

Finally, while acknowledging that this Court has imposed harsher sanctions more recently than those previously imposed, the referee distinguished the cases relied upon by the Bar and cited the following cases in support of a nonrehabilitative suspension. *See Fla. Bar v. MacNamara*, 132 So. 3d 165, 171 (Fla. 2013) (lawyer suspended for ninety days based on his representation to the Bar pertaining to his filing estate tax return); *Fla. Bar v. Cocalis*, 959 So. 2d 163 (Fla. 2007) (attorney's handling of documents related to

personal injury lawsuit inadvertently mailed to him and phone call to adverse party's treating physician warranted public reprimand); *Fla. Bar v. Committe*, 916 So. 2d 741 (Fla. 2005) (lawyer suspended for ninety days based on knowing failure to comply with discovery requests and having filed two frivolous lawsuits). As discussed in our analysis below, we disapprove the referee's recommended ninety-day nonrehabilitative suspension, and instead determine that a three-year suspension is appropriate under the facts of the case and existing case law.

## ANALYSIS

In imposing a sanction in an attorney discipline case, the Court considers the following factors: "(a) duties violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; [and] (d) the existence of aggravating and mitigating circumstances." Fla. Stds. Imposing Law. Sancs. 1.1. As we have often explained, in reviewing a referee's recommended discipline, the Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction. *See Fla. Bar v. Anderson*, 538 So. 2d 852, 854 (Fla. 1989); *see also* art. V, § 15,

- 9 -

Fla. Const.  At the same time, the Court will generally not second-guess the referee's recommended discipline, as long as it has a reasonable basis in existing case law and the Standards.  *See Fla. Bar v. Temmer*, 753 So. 2d 555, 558 (Fla. 1999).  Significantly, however, the Court views cumulative misconduct more seriously than an isolated instance of misconduct, and cumulative misconduct of a similar nature warrants an even more severe sanction than might dissimilar conduct.  *Fla. Bar v. Walkden*, 950 So. 2d 407, 410 (Fla. 2007).

Therefore, we agree with the successor referee that Schwartz's misconduct under the Standards warrants a suspension,[4] while

---

4.  *See, e.g.*, Standards 5.1(b) ("Suspension is appropriate when a lawyer knowingly engages in criminal conduct which is not included elsewhere in this subdivision or other conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice."); 6.1(b) ("Suspension is appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld and takes no remedial action."); 7.1(b) ("Suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."); and 8.1(b) ("Suspension is appropriate when a lawyer has been publicly reprimanded for the same or similar conduct and engages in a further similar act of misconduct

"the length of the suspension imposed is guided by case law and the Court's discretion." *Fla. Bar v. Marcellus*, 249 So. 3d 538, 545 (Fla. 2018). Based upon the record before us, we conclude that in recommending a nonrehabilitative suspension the referee did not give Schwartz's prior misconduct proper consideration in light of existing case law.

As the referee found, on three prior occasions, in case numbers SC11-2143, SC02-787, and SC60-90204, Schwartz violated numerous Bar Rules, which in each instance included those rule violations that the Court has held are considered the most serious. Indeed,

> [i]n considering violations of rules 4–8.4(c) and 4–8.4(d), we have explicitly stated that "basic, fundamental dishonesty . . . is a serious flaw, which cannot be tolerated [because] '[d]ishonesty and a lack of candor cannot be tolerated by a profession that relies on the truthfulness of its members.' "

*Fla. Bar v. Berthiaume*, 78 So. 3d 503, 510 (Fla. 2011) (quoting *Fla. Bar v. Rotstein*, 835 So. 2d 241, 246 (Fla. 2002)). Further, the Court has made plain that "[d]ishonest conduct demonstrates the

_____

that cause injury or potential injury to a client, the public, the legal system, or the profession.").

utmost disrespect for the court and is destructive to the legal system as a whole." *Fla. Bar v. Head*, 84 So. 3d 292, 302 (Fla. 2012) (quoting *Fla. Bar v. Head*, 27 So. 3d 1, 8-9 (Fla. 2010)). This cumulative misconduct by Schwartz, of the most egregious type (dishonesty) and where he has previously received the longest nonrehabilitative suspension permissible under the rules, *see* Rule Regulating the Florida Bar 3-5.1(e) ("A suspension of 90 days or less does not require proof of rehabilitation or passage of the Florida bar examination and the respondent will become eligible for all privileges of members of The Florida Bar on the expiration of the period of suspension."), surely necessitates an escalated sanction by this Court for that same repeated type of misconduct.

Furthermore, the cases distinguished by the referee actually provide a reasonable basis for a rehabilitative suspension, while the cases relied upon do not support the referee's recommendation of a second ninety-day suspension.

For example, in *Florida Bar v. Hmielewski*, 702 So. 2d 218 (Fla. 1997), the Court held that a three-year suspension was warranted based on the lawyer's deliberate misrepresentations in a medical malpractice action regarding the location of his client's

- 12 -

deceased parent's medical records. The referee in this case distinguished *Hmielewski* on the basis that "records were not hidden in this case, and the prosecutor had access to the original line-up." However, only upon close inspection of the photocopied lineups are Schwartz's alterations apparent, particularly since the exhibits retain the victim's circled identification and the signature of both the victim and police officer, and Schwartz did not disclose to the prosecutor that the exhibits had been altered until confronted during the deposition.

In *Florida Bar v. Dupee*, 160 So. 3d 838 (Fla. 2015), the Court imposed a one-year suspension, where the lawyer knowingly filed her client's inaccurate financial statement in a marriage dissolution action, deliberately withheld financial documents, knowingly allowed the client to testify falsely at deposition, and failed to notify the husband's counsel that the lawyer's client had possession of disputed property. *Id.* at 854. The Court rejected the referee's recommended ninety-day suspension, notwithstanding that there was no prior disciplinary record. As with *Hmielewski*, we find the referee's basis for distinguishing *Dupee*—that "the initial lineup and

the altered lineup were both available to the prosecutor at some point"—unavailing.

The Bar also cited cases imposing one-year suspensions where the lawyers either withheld evidence or engaged in misrepresentations before the trial court. *See, e.g.*, *Fla. Bar v. Dunne*, No. SC18-1880, 2020 WL 257785 (Fla. Jan. 16, 2020) (uncontested consent judgment); *Fla. Bar v. Whitney*, 132 So. 3d 1095 (Fla. 2013); *Fla. Bar v. Cox*, 794 So. 2d 1278 (Fla. 2001). The referee distinguished these cases, relying on factual differences. However, in each case, as with Schwartz's conduct, the lawyers acted dishonestly.

Lastly, the successor referee's reliance upon case law imposing a public reprimand or nonrehabilitative suspension is inapposite. First, we observe that both *Committe* and *Cocalis* were decided more than a decade ago. In addition, in *Cocalis* the referee recommended that the lawyer not be found to have violated a number of Bar rules, including Bar Rule 4-8.4, and the Court did not address whether that was erroneous, concluding "that Cocalis's conduct violated 3-4.3 and that his misconduct was more than 'minor,' making true diversion inappropriate." 959 So. 2d at 166. Similarly, in

*Committe*, the lawyer did not violate Bar Rule 4-8.4(c), and he had no prior disciplinary record. 916 So. 2d at 744. Finally, in *MacNamara*, while the lawyer was found to have violated Bar Rule 4-8.4(c) twice, he received the ninety-day suspension, as opposed to the referee's recommended two-year probationary period, because he admitted his misrepresentations, did not have a disciplinary history, and the misconduct occurred six years prior to the filing of the Bar's complaint. 132 So. 3d at 172-73.

Finally, we reiterate that the requirement to provide zealous representation, as contemplated under our ethical rules, *see Florida Bar v. Roberts*, 689 So. 2d 1049, 1051 (Fla. 1997) ("Failing to represent one's client zealously, failing to communicate effectively with one's client, and failing to provide competent representation are all serious deficiencies, even when there is no evidence of intentional misrepresentation or fraud."), does not excuse engaging in misconduct, irrespective of one's intent to benefit the client. As we have previously observed, "[w]e must never permit a cloak of purported zealous advocacy to conceal unethical behavior." *Fla. Bar v. Buckle*, 771 So. 2d 1131, 1133 (Fla. 2000). At the same time, we have recognized that "ethical problems may arise from conflicts

between a lawyer's responsibility to a client and the lawyer's special obligations to society and the legal system. . . . 'Such issues must be resolved through the exercise of sensitive professional and moral judgment guided by the basic principles underlying the rules.' " *Id.* at 1133-34 (quoting *Fla. Bar v. Machini,* 635 So. 2d 938, 940 (Fla. 1994)). In the instant case, we are of the opinion, in light of Schwartz's history of repeated transgressions and the increasing egregiousness of each infraction, that he has been an overzealous advocate incapable of seeing the forest for the trees.

## CONCLUSION

Accordingly, Schwartz is hereby suspended from the practice of law for a period of three years, in addition to the term of probation and special conditions thereof identified by the referee, to be completed prior to seeking reinstatement. The suspension will be effective thirty days from the filing of this opinion so that Schwartz can close out his practice and protect the interests of existing clients. If Schwartz notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the three-year suspension effective immediately. Schwartz shall fully comply with

Rule Regulating the Florida Bar 3-5.1(h). Respondent shall also fully comply with Rule Regulating the Florida Bar 3-6.1, if applicable. Further, Schwartz shall accept no new business from the date this opinion is filed until he is reinstated.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Jonathan Stephen Schwartz in the amount of $7,540.50, for which sum let execution issue.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Patricia Ann Toro Savitz, Staff Counsel, The Florida Bar, Tallahassee, Florida, and Jennifer R. Falcone, Bar Counsel, The Florida Bar, Miami, Florida; and Chris W. Altenbernd of Banker Lopez Gassler, P.A., Tampa, Florida,

    for Complainant

Benedict P. Kuehne, Michael T. Davis, and Johan D. Dos Santos of Kuehne Davis Law, P.A., Miami, Florida,

    for Respondent